Filed 8/26/16  P. v. Johnson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069387 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237199) |
| ROBERT JOHNSON III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Johnson III appeals from an order of the superior court denying his petition to recall his felony sentence for second degree burglary and to resentence him to a misdemeanor pursuant to Penal Code section 1170.18, subdivision (a), which was

enacted as part of Proposition 47.[1]  Johnson's brief on appeal, filed by appointed appellate counsel, presents no argument for reversal, but invites this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Johnson did not respond to separate invitations from appellate counsel and from this court to file a supplemental brief.  After independently reviewing the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2012 the district attorney filed an amended information, charging Johnson with seven counts of second degree burglary in violation of section 459 (counts 1-7) and one count of failure to appear while on bail in violation of section 1320.5 (count 8).  In count 8, the amended information alleged a penalty enhancement under section 12022.1, subdivision (b), based on Johnson having been released on his own recognizance pending final judgment on an earlier felony offense at the time of the charged failure to appear while on bail on a more recent felony offense. Finally, the amended information also alleged:  Johnson suffered one strike prior within the meaning of sections 667, subdivisions (b)-(i), 1170.12 and 668; three prison priors

---

[1]  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . Section 459.5 . . . of the Penal Code, as th[at] section[] ha[s] been . . . added by this act."  (Pen. Code, § 1170.18, subd. (a); further undesignated statutory references are to the Pen. Code.)

2

within the meaning of sections 667.5, subdivision (b) and 668; and five probation denial priors within the meaning of section 1203.

Pursuant to a negotiated plea agreement, Johnson pleaded guilty to the charges in all eight counts of the information and admitted the allegations of the penalty enhancement in count 8 and the three prison priors within the meaning of sections 667.5, subdivision (b) and 668.  In addition, the People agreed to strike the prior strike conviction, Johnson agreed to waive all actual custody days and credits at the time of sentencing, and together the parties agreed to a sentence of 12 years eight months.

In November 2012 the court sentenced Johnson to a prison term of 12 years eight months and ordered that he pay various fees, fines, assessments and victim restitution.

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  "Proposition 47 makes certain . . . theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Id.* at p. 1091.)

In April 2015 Johnson filed a one-page form petition, requesting that his "felony sentence(s)" be recalled and that the "conviction(s)" be reduced "to (a) misdemeanors."[2]

_____

2      As part of an October 2015 "Notice of Request for Ruling," Johnson attached a copy of an unfiled Los Angeles County Superior Court one-page form "Motion to Reduce Charge to Misdemeanor Proposition 47," dated July 20, 2015, requesting that his felony

(§ 1170.18, subds. (b) & (d).) Other than the requested relief, the petition alleges only that Johnson "was convicted of a felony offense(s) (PC459) that is/are now (a) misdemeanor(s) pursuant to . . . section 1170.18." The People opposed the petition, asserting that Johnson is not entitled to the requested relief on the basis that "[n]o counts [are] eligible under [section] 1170.18." On November 19, 2015, the court denied Johnson's petition without prejudice, ruling in relevant part that the petition "fails to state facts sufficient to make a prima facie showing that relief should be granted."

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal; mentions no reasonably arguable appellate issues, pursuant to *Anders*, *supra*, 386 U.S. 738; and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Counsel invited Johnson to file a brief on his own behalf, and we granted Johnson permission to file a brief on his own behalf, but Johnson has not responded.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issues.

Johnson has been adequately represented by counsel in this appeal.

---

charge be reduced to a misdemeanor. We express no opinion as to the effect, if any, of this motion.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.